UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22977

ANGELINA LILES,

      Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

     Plaintiff, ANGELINA LILES (hereinafter "LILES"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION & PLC (hereinafter "CARNIVAL"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    LILES seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

    3.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

    4.    Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by CARNIVAL.

    5.    LILES is *sui juris* and is a resident and citizen of the state of Texas.

    6.    CARNIVAL is a citizen of the state of Florida and the nations of Panama and the U.K.

7.     CARNIVAL is a foreign corporation who is authorized to conduct and who does conduct business in the state of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County, Florida.

8.     CARNIVAL, at all times material hereto, personally and/or through an agent, in Miami-Dade County, Florida, in the Southern District of Florida:

   a.     Operated, conducted, engaged in, or carried on a business venture; and/or

   b.     Had an office or agency; and/or

   c.     Engaged in substantial activity; and/or

   d.     Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## DEFINITIONS AND FACTUAL ALLEGATIONS

10.     Hereinafter, the phrase, the "subject area," shall include, but not be limited to, the tender and ramp LILES' incident occurred on, the surrounding area, the area, tender, and ramp's design and/or visual condition, and all material and effects pertaining to the area, tender, and ramp.

11.     At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject area involved in LILES' incident.

12.     At all times material hereto, CARNIVAL owned, leased, chartered, operated, maintained, managed, and/or controlled the subject cruise ship, the *Vista*, the subject tender, and the subject ramp.

13.   LILES' incident occurred on or about July 27, 2022, while she was on a cruise as a fare paying passenger of CARNIVAL'S vessel, the *Vista*.

14.   On or about July 27, 2022, at approximately 2:00 to 3:00 p.m., LILES was on a tender coming back to the *Vista* in Georgetown, Grand Cayman. LILES was going down the ramp that was supposed to be secured to the tender and dock. There was no adequate connecting point that covered the gap between the tender and the ramp. When she stepped over the ramp, the tender separated from the ramp, causing her right leg to become crushed between the tender and ramp.

15.   As a result, she sustained severe injuries that required surger(ies).

16.   LILES had to wait for approximately an hour or two for CARNIVAL'S staff to attend to her injuries. When CARNIVAL'S staff finally took her to the ship's medical center, the ship's doctor took x-rays, but failed to diagnose her injuries. Moreover, LILES was prescribed an insufficiently strong pain medicine to alleviate her pain prior to seeking medical care shoreside, such that she was in great pain for a longer amount of time.

17.   At all relevant times, the dangerous and/or risk creating conditions include, but are not limited to, the following:

    a.   The ramp was not reasonably secured to the tender and dock.

    b.   There was no adequate connecting point that covered the gap between the tender and the ramp, and the ramp and the dock.

    c.   The tender was not reasonably anchored.

    d.   LILES was holding the handrail when attempting to step on the ramp, but the handrail was inadequate to prevent or mitigate LILES' incident.

    e.   The tender would rock violently because of wakes caused by other CARNIVAL boats in the area.

  f. The fact that CARNIVAL did not have crew members adequately supervising and assisting passengers in the subject area at the time of the incident. This includes, but is not limited to, approximately two crewmembers in the immediate vicinity who failed to assist LILES in traversing from the subject tender onto the subject ramp.

  g. Other dangerous conditions that will be revealed through discovery.

18. Each of these dangerous conditions alone was sufficient to cause LILES' incident and injuries, and LILES is alleging that CARNIVAL was negligent as to each of these conditions separately and not cumulatively.

19. CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the following:

  a. There was a sign/signs in the subject area that said "**watch your step**" (or in the alternative, something similar to the same effect), but a reasonable person would not have been able to see this sign prior to stepping off the tender.

  b. Upon information and belief, CARNIVAL provides verbal warnings and assistance to its passengers who step off tenders and onto ramps such as the one involved in LILES' incident, but CARNIVAL provided no such verbal warnings or assistance to LILES while she attempted to step from the tender onto the ramp.

  c. After LILIES' incident, a young white gentleman told her in an elevator on the ship that his father-in-law had the exact same incident happen to him, just that CARNIVAL was able to catch him before he fell, indicating that CARNIVAL knew of the subject dangers prior to her fall.

  d. While LILES was waiting to leave the tender and step on the ramp, she did not observe

anyone unsecure the ramp, and she was in the area for at least ten to fifteen minutes prior to her incident, such that it is reasonable for the fact finder to infer that the tender was unsecured for over ten to fifteen minutes prior to LILES' incident, and CARNIVAL should have known of this had it performed reasonable inspections to keep its tenders and ramps reasonably safe.

e.  There were approximately two crewmembers in the subject area at the time of the incident, and these crewmembers were in the immediate vicinity, such that LILES reasonably infers that these crew members regularly used, observed, and tended to the subject area, and therefore were or should have been aware of the dangerous and/or risk-creating conditions thereof, and warned of and/or removed these conditions and/or assisted LILES.

f.  CARNIVAL participated in the installation and/or design of the subject area, or alternatively, CARNIVAL accepted the area with its design defects present after having been given an opportunity to inspect the area and materials on it, including the subject tender and ramp, such that CARNIVAL should have known of the design defects of the subject area before providing the area for public use. These design defects include, but are not limited to, the dangers outlined in paragraph 17 of this complaint.

g.  Both prior to LILES' incident and after, CARNIVAL installed and/or refitted the subject ramp on the subject ship and other ships in CARNIVAL's fleet that remedied the dangers thereof, but these remedies were not implemented at the time of LILES' incident.

h.  There are relevant safety standards/recommendations/other guidelines regarding the

safety of the subject area, including, but not limited to, prohibitions and/or recommendations against the deficiencies discussed in paragraph 17 of this Complaint, and CARNIVAL should have known of these standards/recommendations/other guidelines because whether such standards/recommendations/other guidelines are legally required for CARNIVAL to comply with or not, a fact-finder is entitled to determine, if it so choses, that these standards/recommendations/other guidelines show what a reasonable cruise line should have done.

i.  CARNIVAL also knew or should have known of these dangerous conditions through inspecting the subject area involved in LILES' incident, and if it did not know of these dangerous conditions, this was because CARNIVAL failed to adequately inspect the subject area prior to LILES' incident.

j.  Previous passengers in prior cases suffered prior incidents involving similar tenders on Carnival cruises, including, but not limited to, *Hollowell v. Carnival Corp.*, No. 22-CV-21399, 2022 WL 2869738, at *1 (S.D. Fla. July 21, 2022), *Upchurch v. Carnival Corp.*, No. 21-23469-CIV, 2022 WL 3154859, at *1 (S.D. Fla. May 13, 2022), *Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *1 (S.D. Fla. July 19, 2019) ("As Plaintiff stepped from the cruise ship, **the tender suddenly lurched away from the ship** and he began to fall forward with one knee landing on the tender and the other leg dangling between the tender and the ship.") (emphasis added), and *Reimer v. Carnival Corp.*, 1:10-cv-23036-JAL (same ramp separation).

k.  Moreover, CARNIVAL knew or should have known of these dangerous conditions for other reasons that will be revealed through discovery.

20.   At all times relevant, the subject area was unreasonably dangerous, risk-creating, defective, improperly designed, improperly installed, and/or otherwise unsafe.

21.   The subject area and the vicinity lacked adequate safety features to prevent or minimize LILES' incident and/or injuries.

22.   These hazardous conditions were known, or should have been known, to CARNIVAL in the exercise of reasonable care.

23.   These hazardous conditions existed for a period of time before the incident.

24.   These conditions were neither open nor obvious to LILES.

25.   At all times relevant, CARNIVAL failed to adequately inspect the subject area and the vicinity for dangers, and CARNIVAL failed to adequately warn LILES of the dangers.

26.   At all times relevant, CARNIVAL had the ability to cure the deficiencies and to eliminate the hazards, but failed to do so.

27.   At all times relevant, CARNIVAL failed to maintain the subject area and the vicinity in a reasonably safe condition.

28.   At all times relevant, CARNIVAL participated in the design and/or approved the design of the subject area and the vicinity involved in LILES' incident.

29.   At all times relevant, CARNIVAL participated in the installation and/or approved the installation of the subject area and the vicinity involved in LILES' incident.

30.   The crewmembers of the Vista and tender were in regular full-time employment of CARNIVAL and/or the ship, as salaried crewmembers.

31.   CARNIVAL's crewmembers, employees, and/or agents were subject to the ship's discipline and master's orders, and CARNIVAL had the right to hire and fire its crewmembers, employees, and/or agents.

32.   CARNIVAL is directly responsible and liable for their actions and the actions of its crewmembers, employees, and/or agents.

33.   The crewmembers, including the medical staff, were employees and/or actual agents and/or apparent agents of CARNIVAL, and acted within the course and scope of their employment and/or agency agreement and/or relationship.

34.   The crewmembers were represented to LILES and the ship's passengers as employees of CARNIVAL through signs, documents, and/or uniforms. The crewmembers were also paid a salary and/or hourly wage by CARNIVAL. CARNIVAL knew that the crewmembers represented themselves to be employees of CARNIVAL and allowed them to represent themselves as such. LILES detrimentally relied on these representations as LILES would not have proceeded on the subject cruise had LILES believed the crewmembers were not employees of CARNIVAL.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT

35.   LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

36.   CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

37.   This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe for the use and enjoyment of its passengers.

38.   At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL breached the duty of reasonable care owed to LILES and were negligent by failing to adequately inspect the subject area and the vicinity to make sure the subject area and the

vicinity were reasonably safe, such that the unreasonably risk creating and/or dangerous conditions discussed paragraph 17 of the instant Complaint were present at the time of LILES' incident.

39.   CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the Complaint.

40.   These risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were reasonably safe.

41.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

42.   CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

43.   CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

44.   As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

45.   The losses are permanent and/or continuing in nature.

46.   LILES suffered these losses in the past and will continue to suffer such loses in the

future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT II
## NEGLIGENT FAILURE TO MAINTAIN

47.     LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

48.     CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

49.     This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the subject area and the vicinity.

50.     At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to LILES and were negligent by failing to adequately maintain the subject area and the vicinity, such that the unreasonably risk creating and/or dangerous conditions discussed paragraph 17 of the instant Complaint were present at the time of LILES' incident.

51.     CARNIVAL either knew or should have known of these risk-creating and/or

dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the instant complaint.

52.    Moreover, these risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately maintain the subject area and the vicinity.

53.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

54.    CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

55.    CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

56.    As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

57.    The losses are permanent and/or continuing in nature.

58.    LILES has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily

injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO REMEDY

59.    LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

60.    CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

61.    This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately remedying the subject area and the vicinity.

62.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to LILES and were negligent by failing to adequately remedy the subject area and the vicinity, such that the unreasonably risk creating and/or dangerous conditions discussed in paragraph 17 of the instant Complaint were present at the time of LILES' incident.

63.    CARNIVAL either knew or should have known of these risk-creating and/or dangerous conditions, due to reasons that include, but are not limited to, the reasons discussed in paragraph 19 of the instant Complaint.

64.    Moreover, these risk-creating and/or dangerous conditions were caused by CARNIVAL'S failure to adequately remedy the subject area.

65.    Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

66.    CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

67.    CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

68.    As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

69.    The losses are permanent and/or continuing in nature.

70.    LILES has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-

judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION**

71.    LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

72.    At all times relevant, CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including LILES.

73.    Such duty includes, but is not limited to, the duty that CARNIVAL owes to warn passengers of any dangers that it knew or should have known were not open and obvious to LILES.

74.    Such duty also includes, but is not limited to, the duty to warn passengers of hazards, which passengers may reasonably be expected to encounter.

75.    At all times material, CARNIVAL, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with CARNIVAL, breached the duty of reasonable care owed to LILES and was negligent by failing to warn LILES of the dangerous conditions discussed in paragraph 17 of the instant Complaint.

76.    Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 19 of this Complaint.

77.    These dangerous conditions were also created by CARNIVAL.

78.    CARNIVAL failed to adequately ensure there were no dangerous conditions that passengers needed to be warned of, and/or CARNIVAL failed to warn LILES despite knowing of the dangers.

79.    These dangerous conditions existed for a period of time before the incident.

80.    These conditions were neither open nor obvious to LILES.

81.   Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

82.   CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

83.   CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

84.   As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

85.   The losses are permanent and/or continuing in nature.

86.   LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss

of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT V
## NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT AREA AND THE VICINITY

87.    LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

88.    At all times material hereto, CARNIVAL owed a duty to its passengers, and in particular a duty to LILES, not to permit dangerous conditions to be in places where they could harm passengers, such as those discussed in paragraph 17 in the instant Complaint, as well as to design and install reasonable safeguards.

89.    At all times material hereto, CARNIVAL participated in the design process of the subject vessel, tender, and ramp, by generating design specifications for the shipbuilder to follow, and to put the vessel, tender, and ramp, on which LILES was injured into the channels of trade, and/or CARNIVAL approved of the subject vessel, tender, and ramp's design, including the design of the subject area and the vicinity.

90.    At all times material hereto, CARNIVAL manufactured, designed, installed, and/or approved of the vessel, tender, and ramp, including providing specifications to the shipbuilder in the original build process, and/or during its refurbishments, and as such owed a duty to its passengers, and in particular a duty to LILES, to design, install and/or approve of the subject area and the vicinity without any defects.

91.    At all times material hereto, CARNIVAL through its agents and/or employees who were acting in the course and scope of their employment and/or agency with CARNIVAL, designed, installed, and/or approved of the subject area and the vicinity involved in LILES'

incident, which was also in violation of the applicable industry standards/recommendations and/or other guidelines.

92.   CARNIVAL provides design elements of the vessel, tender, and ramp, to the ship builder and/or approves of design elements which include the subject area and the vicinity.

93.   CARNIVAL maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the vessel, tender, and ramp, during the new build process.

94.   CARNIVAL has the right to enter the vessel, tender, and ramp, and inspect them during construction to ensure that they are being constructed in accordance with the design specifications, CARNIVAL and has a right to insist on changes when safety concerns are identified.

95.   CARNIVAL has the right to inspect and reject design elements before taking possession of the vessel, tender, and ramp.

96.   However, CARNIVAL permitted the dangerous conditions discussed in paragraph 17 of the instant complaint to be present in the subject area and the vicinity without correcting these design deficiencies and did not design and install reasonable safeguards.

97.   Furthermore, CARNIVAL knew or should have known of these dangerous conditions for the reasons discussed in paragraph 19 of this Complaint.

98.   The design flaws that made the subject area and the vicinity involved in LILES' incident unreasonably dangerous were the direct and proximate cause of LILES' injuries.

99.   CARNIVAL is liable for the design flaws of the vessel, tender, and ramp, including of the subject area and the vicinity involved in LILES' incident, which it knew or should have known of.

100.   CARNIVAL failed to correct and/or remedy the defective conditions, despite the fact

that CARNIVAL knew or should have known of the danger(s).

101. Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

102. CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

103. CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

104. As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

105. The losses are permanent and/or continuing in nature.

106. LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss

of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## COUNT VI
## NEGLIGENCE FOR THE ACTS OF CARNIVAL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

107.  LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

108.  CARNIVAL owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

109.  The crewmembers who were working in and/or who were and/or should have been responsible for inspecting, maintaining, cleaning, and/or securing the subject area, including specifically the crewmembers who were in the immediate vicinity, were agents of CARNIVAL for the following reasons:

a.      They were the staff and/or employees of CARNIVAL, or were CARNIVAL'S agents, apparent agents, and/or servants; and/or

b.      These staff, employees, and/or agents were subject to the right of control by CARNIVAL; and/or

c.      These staff, employees, and/or agents were acting within the scope of their employment or agency; and/or

d.      CARNIVAL acknowledged that these staff, employees, and/or agents would act on CARNIVAL'S behalf, and they accepted the undertaking.

110.  CARNIVAL is vicariously liable for the acts of its staff, employees, and/or agents, in failing to inspect, maintain, remedy, or warn of the dangerous conditions discussed in paragraph 17 of the instant complaint.

111.  Furthermore, the subject area and the vicinity were also on a cruise ship in the water subject to numerous maritime conditions such as the ship's movement, additional wear-and-tear due to maritime conditions not necessarily present on land, waves, and other conditions unique to maritime travel, and as such were "clearly linked to nautical adventure."

112.  CARNIVAL'S breach was the cause in-fact of LILES' great bodily harm in that, but for CARNIVAL'S breach, LILES' injuries would not have occurred.

113.  CARNIVAL'S breach proximately caused LILES great bodily harm in that the incident that occurred was a foreseeable result of CARNIVAL'S breach.

114.  As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

115.  The losses are permanent and/or continuing in nature.

116.  LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of LILES' bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss

of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VII**
**VICARIOUS LIABILITY AGAINST CARNIVAL FOR THE NEGLIGENCE OF THE**
**SHIP'S MEDICAL STAFF**

117. LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

118. CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

119. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

120. At all times material, the ship's medical staff (including its physicians and nurses), and the ship's crew, were full-time employees and agents of CARNIVAL, subject to its direction and control, who were engaged in the activity of discharging CARNIVAL'S obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

121. CARNIVAL is estopped to deny that the ship's medical staff (including its physicians and nurses), and the ship's crew, were its agents and/or employees and/or servants.

122. CARNIVAL directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

123. CARNIVAL created, owned, directly provided, and operated, the medical center to be used by the ship's medical personnel and passengers.

124. CARNIVAL pays to stock the medical center with all supplies, medical machinery,

various medicines, and equipment to be used therein, regularly stocking and restocking same.

125. CARNIVAL collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

126. CARNIVAL'S marketing materials described the medical center in proprietary language.

127. The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's physicians) were members of the ship's officer's compliment, and at all times they were subject to termination, or other discipline, by CARNIVAL.

128. CARNIVAL provided the ship's medical personnel and regular crew certain forms of liability insurance and/or indemnification rights.

129. At all times material hereto, CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows:

    a. LILES had to wait for approximately an hour or two for CARNIVAL'S staff to attend to her injuries.

    b. The ship's doctor failed to diagnose LILES' injuries.

    c. Moreover, LILES was prescribed an insufficiently strong pain medicine to alleviate her pain prior to seeking medical care shoreside, such that she was in great pain for a longer amount of time.

    d. CARNIVAL failed to promptly provide LILES with proper medical and/or first aid care and attention.

    e.   CARNIVAL failed to timely and properly attend to LILES, to her injuries, and to her pain.

    f.   CARNIVAL failed to provide reasonable medical and/or first aid care.

    g.   CARNIVAL failed to timely and properly treat and care for LILES.

    h.   CARNIVAL failed to timely and properly examine LILES' injuries.

    i.   CARNIVAL failed to take proper measures to secure proper treatment for LILES, including unreasonably delaying taking measures to secure such proper treatment.

    j.   CARNIVAL failed to properly bring and/or arrange for LILES to be brought to a reasonable hospital/emergency room within a reasonable amount of time.

    k.   CARNIVAL failed to give LILES proper discharge instructions.

    l.   CARNIVAL failed to give LILES adequate pain medicine.

130.  Pain is a frequently experienced, yet oftentimes overlooked factor in wound care and wound healing. It is undeniable that pain affects wound care practice, and unresolved pain negatively impacts both wound healing and a patient's quality of life.

131.  Under the doctrine of *Respondeat Superior*, employers are vicariously liable for the negligent acts or omissions by their employees and/or other agents within the course of their employment and/or agency.

132.  CARNIVAL is therefore vicariously liable for all injuries and damages sustained by LILES as a result of the negligence of the ship's medical staff (including its physicians and nurses), and the ship's crew.

133.  At all times material hereto, the aforementioned acts and/or omissions on the part of

CARNIVAL'S ship's medical staff (including its physicians and nurses), and the ship's crew, fell below the standard of care.

134. The negligence of CARNIVAL'S ship's medical staff (including its physicians and nurses), and the ship's crew, proximately caused LILES great bodily harm in that, but for CARNIVAL's negligence, LILES' injuries would not have occurred and/or said injuries would have been substantially lessened.

135. CARNIVAL, through its employees and agents, including the ship's medical staff, knew or should have known that the medical procedures they employed violated and/or did not meet reasonable standards of medical care.

136. As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

137. The losses are permanent and/or continuing in nature.

138. LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of

independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT VIII**
**APPARENT AGENCY**
**FOR THE ACTS OF THE SHIP'S MEDICAL STAFF**

139.  LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34, as if set forth herein.

140.  At all times material hereto, the ship's medical staff and regular crew represented to LILES and to the ship's passengers as employees and/or agents and/or servants of CARNIVAL, in that:

a.  The medical staff wore a ship's uniform;

b.  The medical staff ate with the ship's crew;

c.  The medical staff was under the commands of the ship's officers;

d.  The medical staff worked in the ship's medical department;

e.  The medical staff was paid a salary by CARNIVAL;

f.  The medical staff worked aboard the vessel;

g.  The medical staff spoke to LILES as though they had authority to do so by CARNIVAL.

141.  In addition, CARNIVAL further represented to LILES that the vessel's medical staff and regular crew were agents and/or employees of CARNIVAL through its marketing materials and through other official statements that described the medical center in proprietary language, including language such as the "Carnival *Vista*'s Medical Center/our infirmary/our medical center," and through encouraging LILES to make use of "its" infirmary/medical center if LILES was in need of medical attention.

142.  Furthermore, at no time did CARNIVAL represent to LILES in particular, or the

ship's passengers in general, in a meaningful way that the vessel's medical staff and regular crew were not agents or employees of CARNIVAL.

143. At all material times, LILES reasonably relied on the representations to LILES' detriment that the medical staff and regular crew were employees, and/or agents, and/or servants of CARNIVAL.

144. It was reasonable to believe that the medical staff and regular crew were CARNIVAL'S agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by CARNIVAL.

145. This reasonable reliance was detrimental because it delayed LILES from receiving proper medical treatment and/or LILES would not have gone on the subject cruise with CARNIVAL had LILES known that the medical staff and regular crew on the ship were not CARNIVAL'S agents.

146. CARNIVAL is estopped to deny that the medical staff and regular crew were its apparent agents, and/or apparent employees, and/or apparent servants.

147. CARNIVAL had a duty to provide LILES with reasonable care under the circumstances and through the acts of its apparent agents breached its duty to provide LILES with reasonable care under the circumstances.

148. LILES' injuries were aggravated due to the fault and/or negligence of CARNIVAL through the acts of its apparent agents as follows:

    a. LILES had to wait for approximately an hour or two for CARNIVAL'S staff to attend to her injuries.

    b. The ship's doctor failed to diagnose LILES' injuries.

    c. Moreover, LILES was prescribed an insufficiently strong pain medicine to

alleviate her pain prior to seeking medical care shoreside, such that she was in great pain for a longer amount of time.

d.  CARNIVAL failed to promptly provide LILES with proper medical and/or first aid care and attention.

e.  CARNIVAL failed to timely and properly attend to LILES, to her injuries, and to her pain.

f.  CARNIVAL failed to provide reasonable medical and/or first aid care.

g.  CARNIVAL failed to timely and properly treat and care for LILES.

h.  CARNIVAL failed to timely and properly examine LILES' injuries.

i.  CARNIVAL failed to take proper measures to secure proper treatment for LILES, including unreasonably delaying taking measures to secure such proper treatment.

j.  CARNIVAL failed to properly bring and/or arrange for LILES to be brought to a reasonable hospital/emergency room within a reasonable amount of time.

k.  CARNIVAL failed to give LILES proper discharge instructions.

l.  CARNIVAL failed to give LILES adequate pain medicine.

149.  Pain is a frequently experienced, yet oftentimes overlooked factor in wound care and wound healing. It is undeniable that pain affects wound care practice, and unresolved pain negatively impacts both wound healing and a patient's quality of life.

150.  As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

151.  The losses are either permanent or continuing in nature.

152.  LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

**COUNT IX**
**ASSUMPTION OF DUTY FOR THE**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

153.  LILES hereby adopts and re-alleges each and every allegation in paragraphs 1 through 34 as if set forth herein.

154.  CARNIVAL owed LILES the duty to exercise reasonable care under the circumstances for the safety of its passengers.

155.  Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

156.  CARNIVAL elected to discharge this duty by having LILES seen by its own ship's physicians and/or other crew members.

157. As such, CARNIVAL voluntarily assumed a duty for the benefit of LILES to use reasonable care in the provision of medical services to LILES.

158. At all times material hereto, CARNIVAL, through the ship's medical staff (including its physicians and nurses), and the ship's crew, was careless, negligent, and breached its duties as follows:

a. LILES had to wait for approximately an hour or two for CARNIVAL'S staff to attend to her injuries.

b. The ship's doctor failed to diagnose LILES' injuries.

c. Moreover, LILES was prescribed an insufficiently strong pain medicine to alleviate her pain prior to seeking medical care shoreside, such that she was in great pain for a longer amount of time.

d. CARNIVAL failed to promptly provide LILES with proper medical and/or first aid care and attention.

e. CARNIVAL failed to timely and properly attend to LILES, to her injuries, and to her pain.

f. CARNIVAL failed to provide reasonable medical and/or first aid care.

g. CARNIVAL failed to timely and properly treat and care for LILES.

h. CARNIVAL failed to timely and properly examine LILES' injuries.

i. CARNIVAL failed to take proper measures to secure proper treatment for LILES, including unreasonably delaying taking measures to secure such proper treatment.

j. CARNIVAL failed to properly bring and/or arrange for LILES to be brought to a reasonable hospital/emergency room within a reasonable

amount of time.

k.  CARNIVAL failed to give LILES proper discharge instructions.

l.  CARNIVAL failed to give LILES adequate pain medicine.

159. At all times material hereto, the aforementioned acts or omissions on the part of CARNIVAL fell below the standard of care.

160. CARNIVAL'S negligence proximately caused LILES great bodily harm in that, but for CARNIVAL'S negligence, LILES' injuries would not have occurred, would have been substantially lessened, and/or would not have been aggravated.

161. CARNIVAL, through its employees and agents, to wit, the ship's medical staff and regular crew, knew, or should have known, that the medical and first aid procedures they employed violated reasonable standards of medical care.

162. As a result of CARNIVAL'S negligence, LILES has suffered severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, lost wages, lost earning capacity, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of LILES' vacation, cruise, and transportation costs.

163. The losses are permanent and/or continuing in nature.

164. LILES has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, ANGELINA LILES, demands judgment against Defendant, CARNIVAL CORPORATION & PLC, for damages suffered and costs incurred, as well as for damages and costs that LILES will suffer and incur in the future, as a result of her bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical

care and treatment, nursing care and treatment, lost wages, lost earning capacity, loss of the value of LILES' vacation, cruise, transportation costs, loss of important bodily functions, loss of independence, and loss of capacity for the enjoyment of life, for all court costs, pre- and post-judgment interest, and for any and all other relief which this Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELINA LILES, demands trial by jury on all issues so triable.

**Dated:** September 16, 2022.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for LILES***