UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22977-BLOOM/Otazo-Reyes

ANGELINA LILES,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.
_____/

**ORDER MOTION TO DISMISS COUNTS V AND VI
OF PLAINTIFF'S AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss Counts V and VI of Plaintiff's Amended Complaint, ECF No. [18] ("Motion"). Plaintiff Angelina Liles ("Plaintiff" or "Liles") filed a Response, ECF No. [19] ("Response"), to which Defendant filed a Reply, ECF No. [22] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**I.   BACKGROUND**

Plaintiff was a passenger on Carnival's vessel, the *Vista,* and filed this action for damages. In the Amended Complaint, Plaintiff alleges that on July 27, 2022, she was on a tender returning to the *Vista*. ECF No. [13] ¶ 13. When she descended the ramp that was supposed to be secured to the tender and the dock, the tender separated from the ramp, crushing her right leg between the tender and ramp. *Id*. ¶ 14. The Amended Complaint asserts nine counts: Negligent Failure to Inspect (Count I); Negligent Failure to Maintain (Count II); Negligent Failure to Remedy (Count III); Negligent Failure to Warn of Dangerous Condition (Count IV); Negligent Design, Installation,

and/or Approval of the Subject Area and the Vicinity (Count V); Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability (Count VI); Vicarious Liability Against Carnival for the Negligence of the Ship's Medical Staff (Count VII); Apparent Agency for the Acts of the Ship's Medical Staff (Count VIII); Assumption of Duty for the Negligence of the Ship's Medical Staff (Count IX).

In the Motion, Defendant seeks dismissal with prejudice of Counts V and VI of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556, 127 S. Ct. 1955.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe*

*of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

### III.  DISCUSSION

#### A.  General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). "[T]he benchmark against which a shipowner's behavior must be measured is ordinary

reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition . . . ."). *Keefe*, 67 F.2d at 1322. A defendant has actual notice when the "defendant knows of the risk creating condition" and has constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Bujarski v. NCL (Bahamas) Ltd*., 209 F. Supp. 3d 1248, 1250-51 (S.D. Fla. 2016).

### B. Count V - Negligent Design

Defendant argues first that Count V should be dismissed because it fails to allege facts showing that Defendant actually designed the dangerous condition at issue because there are no facts to support the claim that Carnival designed, installed, or approved a tender boat and ramp separate from the cruise ship. In response, Plaintiff argues that the allegations are sufficient because the Amended Complaint alleges that Carnival generated design specifications for the tender and ramp involved in her incident, which Carnival subsequently approved. *See* ECF No. [13] ¶¶ 17, 88.

"Liability based on negligent design would require that Carnival 'actually created, participated in, or approved the alleged negligent design[.]'" *Johnson v. Carnival Corp*., No. 19-cv-23167-BLOOM/Louis, 2021 WL 1341526, at *9 (S.D. Fla. Apr. 9, 2021) (quoting *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012)). In addition, a defendant can only be liable for negligent design "if it had actual or constructive notice of such hazardous condition." *Groves*, 463 F. App'x at 837.

The Court agrees that Count V fails to state a claim. The Amended Complaint alleges that

> At all material times hereto, CARNIVAL participated in the design process of the subject vessel, tender, and ramp, by generating design specifications for the

>shipbuilder to follow, and to put the vessel, tender, and ramp, on which LILES was injured into the channels of trade, and/or CARNIVAL approved of the subject vessel, tender, and the ramp's design, including the design of the subject area and vicinity.

ECF No. [13] ¶ 89. However, there are no facts alleged in support of Plaintiff's conclusory assertions that Carnival participated in the design process of the tender and ramp, which are not on or part of the *Vista*, or that Carnival otherwise approved those designs. Similarly, to the extent that Plaintiff's claim is premised upon negligent design of some aspect of the *Vista*, the Amended Complaint is devoid of facts to support such a theory.

Plaintiff' reliance upon *Hoover v. NCL (Bahamas) Ltd.*, 491 F. Supp. 3d 1254, 1257 (S.D. Fla. 2020) is unavailing. In *Hoover*, the court held that the cruise line was not entitled to summary judgment upon the plaintiff's claim for negligent design of a stairway because a genuine issue of material fact remained as to whether the cruise line approved the design, based upon the corporate representative's testimony. *Id*. Critically, however, the stairway was onboard the defendant's ship; whereas here, Plaintiff's claim is premised upon the alleged approval of designs of a tender and ramp, neither of which are alleged to be part of Carnival's ship. Without more, the bare assertion that Carnival approved of the designs is conclusory and legally insufficient.

Accordingly, Count V is due to be dismissed.

### C. Count VI - Theories of Direct and Vicarious Liability Comingled

Defendant argues next that Count VI should be dismissed because it is a shotgun pleading that contains conflicting allegations and theories of direct and vicarious liability. Plaintiff asserts that vicarious liability is a valid theory of liability even when it overlaps with premises liability.

The Eleventh Circuit has established four (4) types of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Defendant's argument that Count VI is a shotgun pleading falls under the third type; "[t]he third type of shotgun pleading

5

is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Defendant contends that because Plaintiff incorporated paragraphs 1-34 of her Complaint into Count VI, she has improperly incorporated allegations against Carnival under a theory of direct liability into a count asserting vicarious liability. In support, Defendant cites cases from this district in which the court dismissed a count that included claims under multiple theories of liability. *See Wohlford v. Carnival Corp.*, No. 1:17-cv-20703-UU, 2017 WL 7731225, at *3 (S.D. Fla. May 10, 2017); *Gharfeh v. Carnival Corp.*, 17-20499-CIV, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018); *McFee v. Carnival Corp.*, 19-22917-CIV, 2020 WL 13389094, at *15 (S.D. Fla. Feb. 3, 2020); *Smith v. Carnival Corp. & PLC*, No. 22-cv-22863-BLOOM/Otazo-Reyes, 2022 WL 16791783, at *3 (S.D. Fla. Nov. 8, 2022). Plaintiff relies on another Southern District of Florida case, *Hunter v. Carnival Corporation*, to support her assertion that she may properly proceed under both direct liability and vicarious liability theories. *See Hunter v. Carnival Corp.*, --- F. Supp. 3d ----, 2022 WL 2498757 (S.D. Fla. July 1, 2022). There, the court held that a plaintiff was permitted to assert "both direct and vicarious liability claims against Defendant." *Id.* at *4. But, that case is clearly distinguishable because the plaintiff there did not attempt to assert claims under both theories in the same count, as Plaintiff does here.

It is evident from the heading Plaintiff provided to Count VI, "Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability" that Plaintiff intended Count VI to be a claim based on vicarious liability. *See* ECF No. [13] at 20. Nevertheless, the Court agrees with Defendant that the language used and incorporated into Count VI is indicative of a claim for direct liability, and a claim for direct liability should be brought in a separate count. *See Gharfeh*, 17-20499-CIV, 2018 WL 501270, at 6 (finding that where a count contained a title suggesting it contains only a claim for vicarious liability, but it also includes

allegations of direct negligence, it is "an example of an impermissible shotgun pleading and it needs to be clarified."). The Court therefore finds that Count VI must be dismissed. Moreover, even if the Court were to find that Count VI was not a shotgun pleading, it still must be dismissed for the reasons explained below.

### D. Count VI - Claim for Vicarious Liability

Defendant argues that Plaintiff fails to properly plead a claim for vicarious liability as a matter of law because Count VI contains no factual allegations regarding any duty breached by a crewmember or any allegations regarding crewmember misconduct relating to Plaintiff's fall and injury. Plaintiff responds that she has sufficiently identified the crewmembers liable, the date on which the negligent conduct of these crewmembers occurred, and the location where the negligent conduct occurred.

Upon review, the Court agrees with Defendant. Under a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant. *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability which is not based on the shipowner's conduct."). Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko*, at 1167-1168.

While the Court agrees that Plaintiff has adequately alleged specific individuals employed by Defendant as the tortfeasor, Count VI does not adequately plead negligence committed by *those*

individuals. Plaintiff alleges the duty owed by Defendant, not its employees, and contends that Defendant's breach of that duty was the actual and proximate cause of Plaintiff's injury, rather than specifically identifying how Defendant's *employees* breached a duty, and how that breach caused Plaintiff's injury. *See* ECF No. [13] ¶¶ 107-118. The Court therefore finds that Count VI of the Complaint fails to state a claim.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [18]**, is **GRANTED IN PART**. Counts V and VI are **DISMISSED WITHOUT PREJUDICE**. To the extent that Plaintiff may do so in good faith, Plaintiff may file a second amended complaint **no later than January 11, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record